_James M. Marlar_

James M. Marlar, Chief Bankruptcy Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

In re:                                   )     Chapter 15
                                         )
COMERCIAL V.H., S.A. de C.V., a          )     No. 4:12-bk-10933-JMM
Mexican corporation,                     )
                                         )     **MEMORANDUM DECISION**
                          Debtor.        )
_____  )

      Oral argument came before the court on July 25, 2012 on the merits of a contested application to recognize a chapter 15 foreign proceeding and the foreign representative.

      Comercial V.H., S.A. de C.V. ("CVH") is a Mexican corporation which does no cross-border business in the United States. It is currently the debtor in a Mexican insolvency/liquidation proceeding. Its trustee is Victor Alán Alcazar Lacarra ("Alcazar").

      Alcazar has petitioned this court to recognize the CVH bankruptcy as a "foreign main proceeding," and in so doing acknowledge that he is the "foreign representative"– the person charged by the Mexican proceeding with maximizing the Mexican estate for the benefit of its creditors. See 11 U.S.C. §§ 1502(4), 101(24).

      Ultimately, his goal, if so recognized, is to gain legal standing to appear and argue for the removal of several millions of liquid dollars to Mexico, in a lawsuit currently pending in Pima County Superior Court, a court of general jurisdiction for the State of Arizona. In that action, Alcazar could seek turnover of the funds and/or to remove the ongoing American case to Mexico, and have the merits heard and decided by a Mexican court. See 11 U.S.C. § 1509(b); In re Iida,

377 B.R. 243, 257 (9th Cir. BAP 2007) (foreign representative gains authority to apply directly to a court in the U.S. for appropriate relief, and the U.S. courts must grant comity or cooperation to the foreign representative).

An objection was filed by two defendants in the Pima County Superior Court action, Federico and Gabriela Valenzuela. While the Valenzuelas do not dispute that Alcazar has met the procedural requirements for chapter 15 recognition, they maintain that alleged fraud and irregularities in the Mexican insolvency proceeding render such recognition contrary to public policy. Therefore, pursuant to a Bankruptcy Code exception to recognition, they maintain that this court should deny the petition. See 11 U.S.C. § 1506.

The § 1506 statutory exception is "narrow" and "is intended to be invoked only under exceptional circumstances concerning matters of fundamental importance for the United States." In re Ran, 607 F.3d 1017, 1021 (5th Cir. 2010). The Valenzuelas' objection is supported only by unfounded and unsupported allegations and declarations. As one example, the Valenzuelas indicate they are awaiting a "decision and translation" with regard to rulings on allegedly falsified corporate minutes. (Motion to Oppose Petition, p. 4 ¶ 11, 13).

The court finds and concludes that the objection fails to present a public policy challenge in view of the standing Mexican orders and proceedings, and that Alcazar has met his burden as to the procedural requirements for recognition. 11 U.S.C. §§ 1515, 1517.

The Valenzuelas alternatively ask the court to abstain with regards to the state court proceeding, or to suspend or dismiss the chapter 15 case. This court has perused the legal literature on the subject of chapter 15. Here, the Mexican trustee seeks only the "assistance" of the U.S. Bankruptcy Court, to recognize that he is the appropriate party to speak for the insolvent Mexican corporate debtor in an American court (Pima County Superior Court). See 11 U.S.C. § 1501(b)(1).

No complaint has been filed in the bankruptcy court, nor has the Pima County Superior Court action been removed to bankruptcy court, and therefore, the Valenzuelas' request for mandatory or permissive abstention under 28 U.S.C. § 1334 is premature. In re General Carriers Corp., 258 B.R. 181, 190-91 (9th Cir. BAP 2001) ("One of the threshold requirements for

2

1    mandatory or discretionary abstention . . . is that there must be a 'proceeding' from which the

2    bankruptcy court can abstain.")

3         A suspension or dismissal of the chapter 15 case, pursuant to § 305, is inappropriate

4    under the circumstances and in consideration of the purpose of chapter 15 to assist the foreign

5    representative to realize assets. 11 U.S.C. §§ 305(a)(2)(B); 1501(a)(4), (b)(2) .

6         Nonetheless, granting this petition institutes an automatic stay "with respect to the

7    debtor and the property of the debtor that is within the territorial jurisdiction of the United States."

8    11 U.S.C. § 1520(a)(1).  The court has discretion to lift the stay for cause.  See Norton Bankr.

9    Code, Legis. Hist. & Cmts. to § 1520 (2011-12) (citing HR Rep. No. 31, 109th Cong., 1st Sess.

10   1520 (2005)).  The court also has *sua sponte* authority to lift the stay under § 105(a). See, e.g., In

11   re Wardrobe, 559 F.3d 932,  936 (9th Cir. 2009) (citing with approval In re Bellucci, 119 B.R. 763,

12   779 (Bankr. E.D. Cal. 1990)).

13        An ancillary proceeding is fundamentally an *in rem* proceeding. In re Fairfield Sentry

14   Ltd. Litigation, 458 B.R. 665, 682 (S.D. N.Y. 2011).  To the extent the Pima County Superior Court

15   action concerns property allegedly belonging to the CVH Mexican bankruptcy estate-- an issue that

16   has not been finally adjudicated-- and to the extent the automatic stay applies,[1] the court will grant

17   stay relief for that action to proceed on its merits.

18        The millions of dollars at issue in the Pima County Superior Court case are in *custodia*

19   *legis* of that court.  Lifting the stay only with regards to the Pima County Superior Court action will

20   preserve the money in *custodia legis* in an American court until the ownership of the funds is

21   determined by an American court.   In this way, this court is assured that justice will be served and

22   not manipulated, and that all parties claiming rights in and to a large sum of money will have equal

23   and due process to assert those claims before an impartial tribunal.

24        The Pima County Superior Court Ruling (April 12, 2005 @ p. 13 ¶ 49) found that "...

25   the Plaintiff asks this Court to issue preliminary injunctive relief, *pendente lite*, to preserve the

26   frozen assets while the merits of this action are adjudicated in Arizona or in Mexico, or in both

27

28        [1]  The Plaintiff in the Pima County Superior Court case is allegedly the Debtor's parent
     company who is suing the defendants on behalf of CVH.

1  jurisdictions." (Emphasis added.) Therefore, the state court anticipated the arguments that the

2  forum for deciding the controversy may be a point of future contention.

3  Pursuant to § 1522, a bankruptcy court can modify any of the § 1521 relief requested

4  by the foreign representative in order to protect creditors or interested parties. Here, Alcazar has

5  not asked for any of the § 1521 relief, just for § 362/§ 1520 stay relief. Therefore, lifting the stay

6  only with regards to the Pima County Superior Court action would keep the money in *custodia legis*

7  in an American court until the ownership of the funds is sorted out, here or in Mexico.

8  Accordingly, an order will be entered which (1) recognizes the CVH Mexican

9  insolvency proceeding as a "foreign main proceeding," and the role of Alcazar as its "foreign

10 representative," to act on behalf of the estate of that insolvent entity; but (2) which allows the Pima

11 County Superior Court to continue to administer and ultimately adjudicate the relative rights of all

12 parties claiming an interest in the fund of money presently held in *custodia legis* in the pending

13 action.

14 This Memorandum Decision shall constitute the court's findings of fact and

15 conclusions of law, in accordance with FED. R. BANKR.P. 7052 (incorporating FED.R.CIV.P. 52),

16 made applicable to this proceeding under FED. R. BANKR.P. 1018. A separate order UNDER FED.R.

17 BANKR. P. 9021 will be entered contemporaneously with this Memorandum Decision.

18

19 DATED AND SIGNED ABOVE.

20

21

22 To be NOTICED by the BNC ("Bankruptcy Noticing Center") to:

23 Debtor
   Attorneys for Victor Alán Alcazar Lacarra
24 Attorneys for Federico and Gabriela Valenzuela
   United States Trustee
25

26

27

28

4